# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2022

Lyle W. Cayce
Clerk

No. 21-50556
CONSOLIDATED WITH
No. 21-50557
Summary Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN FRANCISCO CRUZ-MORA,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
No. 4:21-CR-22-1
No. 4:21-CR-151-1

---

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Juan Cruz-Mora appeals his conviction and sentence for entry after deportation under 8 U.S.C. § 1326(a) and (b)(2), along with the revocation

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50556
c/w No. 21-50557

of the term of supervised release he was serving at the time of the offense. Because his appellate brief does not address the validity of the revocation or the revocation sentence, he abandons any challenge to that order. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

For the first time on appeal, Cruz-Mora argues that treating a prior conviction that increases the statutory maximum under § 1326(b)(2) as a sentencing factor, rather than as an element of the offense, violates the Constitution. He correctly concedes that the argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. The government has moved without opposition for summary affirmance or, alternatively, for an extension of time to file its brief.

As the government asserts and as Cruz-Mora concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Because the government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary affirmance is proper.

Accordingly, the motion for summary affirmance is GRANTED, and the judgment and the order revoking supervised release are AFFIRMED. The government's alternative motion for an extension of time is DENIED as moot.